# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MARC CZAPLA, <br><br> and <br><br> JILL CZAPLA, <br><br> Plaintiffs, <br><br> vs. <br><br> REPUBLIC SERVICES, INC., et al., <br><br> Defendants. | Case No. 4:18-cv-00357-JAR |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs Marc and Jill Czapla's Motion to Remand. (Doc. 21.) Defendants filed a memorandum in opposition (Doc. 28), and Plaintiffs replied (Doc. 31).

### Background

Plaintiffs filed suit in the Circuit Court of St. Louis County, Missouri, on February 20, 2018, against Republic Services, Inc., Bridgeton Landfill, LLC, Allied Services, LLC, Westlake Landfill, Inc., and Rock Road Industries, Inc. (Doc. 1 at 12-21.) Plaintiffs alleged that Marc Czapla suffered numerous negative health effects as a long-term result of radiological waste kept at the West Lake Landfill in Bridgeton, Missouri, where Marc grew up. (*Id.* at 16.)

On March 5, 2018, only thirteen days after Plaintiffs filed suit and before they perfected service on any adverse party, Defendant Bridgeton Landfill removed the case to this Court on the basis of diversity jurisdiction. (*Id.* at 1-10.) Defendants did not cite any other basis for removal.

1

Plaintiffs now move to remand, arguing that the parties are not completely diverse and that Defendants' attempt to invoke federal-question jurisdiction is impermissible. (Doc. 21.)

## Legal Standard

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal courts have original jurisdiction if (1) the case arises under federal law or (2) more than $75,000 is in controversy and the parties are diverse. 28 U.S.C. §§ 1331, 1332. Under 28 U.S.C. § 1446, the removing party must file a notice "containing a short and plain statement of the grounds for removal" within thirty days after receiving a copy of the complaint.

"Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." *Madderra v. Merck Sharpe & Dohme Corp.*, 2012 WL 601012, at *1 (E.D. Mo. Feb. 23, 2012). The party seeking removal and opposing remand has the burden of establishing jurisdiction by a preponderance of the evidence. *Id.*

## Analysis

### I. *Diversity Jurisdiction*

Plaintiffs argue that the forum defendant rule prohibits removal in this case. (Doc. 22.) "A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). There is no debate that, at

the time of removal, Defendant Rock Road Industries was a Missouri corporation.[1] *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) (quoting *Mollan v. Torrance*, 9 Wheat. 537, 539, 6 L.Ed. 154 (1824) ("It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'")).

Defendants respond that the forum defendant rule does not apply in this case because Rock Road had not been served when the case was removed. (*Id.* at 3.) In support, Defendants cite cases from this Court granting removal when the forum defendant had not yet been served. In *Johnson v. Precision Airmotive, LLC*, No. 4:07CV1695 CDP, 2007 WL 4289656, at *1 (E.D. Mo. Dec. 4, 2007), this Court held that "the text of § 1441(b) does not prohibit removal in a case where the forum defendants have not yet been served with the complaint." It reached similar conclusions in *Johnson v. Emerson Elec. Co.*, No. 4:13-CV-1240-JAR, 2013 WL 5442752, at *4 (E.D. Mo. Sept. 30, 2013) ("Because the Missouri citizen, Emerson, was not served at the time of removal, the limitation on removal in § 1441(b) does not apply."), *Terry v. J.D. Streett & Co.*, No. 4:09CV01471 FRB, 2010 WL 3829201, at *2 (E.D. Mo. Sept. 23, 2010) ("[D]efendant had not been served before it removed the case to this Court, and the forum defendant rule therefore fails to aid plaintiffs."), *Taylor v. Cottrell, Inc.*, No. 4:09CV536HEA, 2009 WL 1657427, at *2 (E.D. Mo. June 10, 2009) ("The Missouri citizen, Auto Hauling Corp., was not served at the time of removal. Thus, the limitation on removal in section 1441(b) does not apply."), and *Brake v. Reser's Fine Foods, Inc.*, No. 4:08CV1879 JCH, 2009 WL 213013, at *3 (E.D. Mo. Jan. 28, 2009) ("The Missouri residents, Said and Abdella, were not served at the time of removal. Thus, the limitation on removal in section 1441(b) does not apply.").

---

[1] Defendants represent that Rock Road has since "formally merged into Bridgeton Landfill, LLC, a Delaware Limited Liability Company." (Doc. 28 at 1 n.1.)

3

However, this Court has more recently narrowed its application of § 1441(b) by requiring service on at least one defendant before the case may be removed. In *Rogers v. Boeing Aerospace Operations, Inc.*, 13 F. Supp. 3d 972, 978 (E.D. Mo. 2014), the Court held that "[u]nder the plain, unambiguous language of Section 1441(b)(2), an out-of-state defendant may remove a diversity case if at least one defendant—and no forum defendant—has been served." This interpretation, the Court explained, mitigates the risk of cases in which "an out-of-state defendant—or even a forum defendant—has 'hawked' the state court docket and removed before service to any defendant has occurred," while imposing on plaintiffs the "modest burden of serving [the forum defendant] before any others." *Id.* (citing *Perez v. Forest Labs., Inc.*, 902 F.Supp.2d 1238, 1246 (E.D. Mo. 2012)). In *Gray v. Monsanto Co.*, No. 4:17CV2882 HEA, 2018 WL 488935, at *3 (E.D. Mo. Jan. 19, 2018), the Court summarized the historical treatment of § 1441(b) in the Eighth Circuit before remanding the case, noting that "Defendant removed a mere 15 days [after the action was filed in state court], clearly not allowing Plaintiff sufficient time to serve it."

In *Laster v. Monsanto Co.*, No. 4:18-CV-397 CAS, 2018 WL 1566846, at *3 (E.D. Mo. Mar. 30, 2018), the Court stated, "Given the ability of defendants to learn of lawsuits filed long before any formal service of process can occur, to blindly apply the 'properly joined and served' language of section 1441(b)(2) 'is to eviscerate the purpose of the forum defendant rule.'" (citing *Sullivan v. Novartis Pharm. Corp.*, 575 F. Supp. 2d 640, 646 (D.N.J. 2008)). Later, in *Heinzen v. Monsanto Co.*, No. 4:17-CV-2881 CAS, 2018 WL 1397533, at *4 (E.D. Mo. Mar. 20, 2018), the Court added that "[p]re-service removal by means of monitoring the electronic docket smacks more of forum shopping by a defendant, than it does of protecting the defendant from the improper joinder of a forum defendant that plaintiff has no intention of serving." (citing *Perez*, 902 F. Supp. 2d at 1244, 1243).

4

In light of this Court's more recent understanding of the forum defendant rule and the string of cases applying the rule to pre-service removal, the undersigned agrees that diversity jurisdiction is not properly present in this case because Defendants removed it before any defendant was served. Further, because "the violation of the forum defendant rule is a jurisdictional defect and 'not a mere procedural irregularity capable of being waived,'" *Horton v. Conklin*, 431 F.3d 602, 605 (8th Cir. 2005), this case cannot remain in federal court on the basis of diversity alone.

## *II. Federal Question Jurisdiction*

In their response in opposition to Plaintiffs' motion for remand, Defendants argue that this Court has federal-question jurisdiction because Plaintiffs' personal-injury claims arise under the Price-Anderson Act ("PAA"), 42 U.S.C. §§ 2011 *et seq.* (Doc. 28 at 9.) Under the so-called "artful pleading doctrine," federal courts have subject-matter jurisdiction even when a plaintiff "fail[s] to plead federal questions that are essential elements of the plaintiff's claim." *Missouri v. Webb*, No. 4:11CV1237 AGF, 2012 WL 1033414, at *3 (E.D. Mo. Mar. 27, 2012) (citing *Franchise Tax Bd.*, 463 U.S. at 22). Although "'the party who brings the suit is master to decide what law he will rely upon,' ... he may not defeat removal by omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 22 (1983) (quoting *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913)). Put simply, if a plaintiff's claims rest on federal law, there is federal question jurisdiction whether or not he expressly mentions the federal statute in his complaint.

Defendants argue that Plaintiffs' claims not only *arise under* federal law, 28 U.S.C. § 1331, but that they are actually *preempted* by the PAA. (Doc. 28 at 9.) "Once an area of state law has been completely pre-empted by the operation of a federal statute, any claim purportedly

5

based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Webb*, 2012 WL 1033414, at *3 (citing *Franchise Tax Board*, 463 U.S. at 24). Complete preemption applies only when the "federal statutes at issue provide [ ] the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action." *Id.* (quoting *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003)).

Plaintiffs respond that Defendants waived their federal-question argument by failing to raise it in their petition for removal. (Doc. 31 at 6-8.) In addition, Plaintiffs argue that the PAA does not apply because Defendants are neither "federally licensed participant[s] in nuclear industry" or "part[ies] to an indemnification agreement." (Doc. 31 at 1-2.)

### a. Waiver

The Court begins by determining whether it can consider federal question jurisdiction or whether Defendants waived that basis for jurisdiction by failing to affirmatively state it in their notice of removal. Under 28 U.S.C. § 1446(a), a removing defendant must file a notice "containing a short and plain statement of the grounds for removal" within thirty days of receiving a copy of the complaint.

Plaintiffs argue that § 1446's use of "the grounds for removal" means *all* grounds for removal. (Doc. 31 at 6.) In support, they cite *Pet Quarters, Inc. v. Depository Tr. & Clearing Corp.*, 559 F.3d 772, 778 (8th Cir. 2009), in which the Eighth Circuit held that "[a] defendant generally is required to cite the proper statutory basis for removal and to allege facts from which a district court may determine whether removal jurisdiction exists." They also proffer *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 600 (8th Cir. 2002), in which the Eighth Circuit affirmed the district court's remand in part because the defendant failed to plead diversity jurisdiction in its notice of removal before the time to amend had expired.

6

For their part, Defendants cite *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011), for the proposition that "a court has a special obligation to consider whether it has subject matter jurisdiction in every case." Thus, Defendants assert, the Court can consider federal-question jurisdiction even if they did not affirmatively raise it in their notice of removal. (Doc. 28 at 22.) In fact, Defendants argue, the Court has jurisdiction over any properly removed case so long as a federal question is apparent from the face of the complaint. *See Pet Quarters*, 559 F.3d at 779; *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 977 (9th Cir. 2006) ("Once a case has been properly removed, the district court has jurisdiction over it on all grounds apparent from the complaint, not just those cited in the removal notice.") In addition, Defendants note that the removal statute for criminal cases includes an affirmative waiver of grounds not raised—something § 1446 does not have—and urges the Court to infer that the failure to raise grounds in a notice of removal in their civil case does not waive them. (Doc. 28 at 22.)

Plaintiffs respond that Defendants' cases all presuppose "proper" removal, which Plaintiffs argue did not occur in this case. (Doc. 31 at 8.) Likewise, they note that *Hart* referenced a federal Court's affirmative obligation to remand a case when it lacks jurisdiction rather than, as Defendants imply, an obligation to deny remand based on its sua sponte discovery of a jurisdictional basis not raised. (*Id.*) They also add *City of St. Louis v. Bindan Corp.*, 295 F.R.D. 392, 395 (E.D. Mo. 2013), in which this Court held that a "notice can only be amended to add specific facts supporting the originally stated grounds for removal or to clarify the grounds for removal as stated in the original notice . . . [Defendants] cannot add new grounds for removal once the 30 day period [for amendment] has expired." (citing *Whitehead v. The Nautilus Group, Inc.*, 428 F. Supp. 2d 923, 928-29 (W.D. Ark. 2006); *Lindsey*, 306 F.3d at 600).

The Court concludes that Plaintiffs present the better reasoned line of cases. First, the plain meaning of § 1446(a) supports Plaintiff's reading. Under the statute, the removing party is

7

required to state "the grounds for removal." 28 U.S.C. § 1446(a). The Court sees no reason to interpret the requirement to mean "at least one ground for removal," as Defendants apparently insist. Indeed, the Eighth Circuit holds that the removing party "is required to cite the proper statutory basis for removal and to allege facts from which a district court may determine whether removal jurisdiction exists." *Pet Quarters*, 559 F.3d at 778. Defendants did not cite any legal or factual basis for federal-question jurisdiction in their removal notice and the Court will not, sua sponte, assert one.

In addition, the Court notes the holding in *Bidnan*, 295 F.R.D. at 395 (citing *Whitehead*, 428 F. Supp. 2d at 929 (collecting cases), and the Eighth Circuit's holding in *Lindsey*, 306 F.3d at 600, prohibiting parties from belatedly amending their notices of removal to add additional grounds for jurisdiction. A prohibition on late amendments is meaningless unless the failure to raise them amounts to a waiver.

Finally, the Court reiterates that the burden of showing that all jurisdictional prerequisites are met by the party invoking federal jurisdiction, not the Court. *Bidnan*, 295 F.R.D. at 394 (citing *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969)). "Any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." *Id.* (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007); *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997)). Defendants failed to state the legal and factual basis for federal-question jurisdiction in their notice of removal. The time to amend their notice as long since passed. They have therefore failed to meet their burden of showing that federal-question jurisdiction is proper.

## Conclusion

Under this Court's interpretation of the forum defendant rule, the Court cannot maintain jurisdiction over this suit based on diversity. Defendants' failure to timely assert federal-

8

question jurisdiction bars this Court from exercising jurisdiction on that basis. Thus, Defendants have failed to meet their burden of showing that all prerequisites to jurisdiction are satisfied and remand is proper.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs Marc and Jill Czapla's Motion to Remand (Doc. 21), is **GRANTED.**

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court of St. Louis County, Missouri.

Dated this 13th day of March, 2019.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE